TUCKER, APPELLANT, *v.* CINCINNATI BELL TELEPHONE COMPANY, F.K.A. CINCINNATI BELL, INC., APPELLEE.

(No. C-850799 — Decided October 1, 1986.)

*J.C. Shew* and *Cathy R. Cook,* for appellant.

*Frost & Jacobs, Daniel P. Dooley* and *Deborah S. Adams,* for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

Plaintiff-appellant Betty L. Tucker ("plaintiff") appeals from the judgment of the court below granting the motion of defendant-appellee Cincinnati Bell Telephone Company ("defendant") for summary judgment. We affirm. The record reveals that plaintiff was employed by defendant as a directory assistance operator beginning in March 1981. During this time, plaintiff was a member of the Communications Workers of America, AFL-CIO ("the union"). The union and defendant were parties to a collective bargaining agreement which provided that controversies surrounding the dismissal of employees were to be processed through a four-step grievance procedure, and further provided that if that procedure were not successful, "the question shall be submitted to arbitration upon a timely written request of either party * * *."

Plaintiff was discharged by defendant on October 7, 1982 for inadequate performance. She filed a grievance regarding her discharge which was denied at each of the four steps of the grievance procedure. No request for arbitration was ever made. Instead, plaintiff filed this action alleging (1) that she was unfairly discharged because defendant failed to comply with its operating manuals[1] and (2) that marking her employment record "discharged because of inadequate performance" constituted defamation of that record.[2]

---

[1] This claim was added subsequent to the filing of the complaint.

[2] Defendant caused the action to be

Defendant filed a motion for summary judgment which was granted by the trial court. From that judgment, plaintiff brings this timely appeal, asserting in a single assignment of error that the trial court erred in granting summary judgment to defendant. We find no merit to this assignment and we affirm the judgment of the trial court.

In *Allis-Chalmers Corp.* v. *Lueck* (1985), 471 U.S. 202, the Supreme Court held that when resolution of a state-law claim is substantially dependent upon analysis of the terms of a collective bargaining agreement, that claim is preempted by Section 301 of the Labor Management Relations Act, 1947, Section 185(a), Title 29, U.S. Code.[3] *Id.* at 220-221. The policies underlying this rule include the promotion of uniformity in the interpretation of labor agreements, along with the need to preserve the parties' federal right to agree that their contract disputes will be resolved in the first instance only through arbitration. *Id.* at 210-211, 219-220.

Plaintiff first argues that defendant violated the terms of its operating manuals when it discharged her. She states that such a violation is outside the scope of the collective bargaining agreement and therefore is not preempted by Section 301.

The arbitration clause of the collective bargaining agreement provides that controversies "regarding a claim that either party hereto has not fulfilled a commitment made by either party to the other in writing, or regarding the dismissal or suspension of any employee having one or more years of credited service * * * shall be submitted to arbitration" after completion of the grievance procedure. Because plaintiff's claim involves both her dismissal and written commitments, we conclude that the resolution of this claim is substantially dependent upon analysis of the collective bargaining agreement, and that it is therefore preempted by Section 301. *Allis-Chalmers Corp., supra;* see, also, *Olguin* v. *Inspiration Consolidated Copper Co.* (C.A. 9, 1984), 740 F.2d 1468.

Plaintiff also contends that the reference to inadequate performance in her employment record constitutes defamation, and that this claim is separate and distinct from any contract or wrongful discharge claim. We disagree.

In *Suffel* v. *Manville Building Materials Corp.* (Feb. 24, 1986), N.D. Ohio No. C85-7650, unreported, the court was presented with a similar defamation claim arising from the employer's statement of the reasons for the employee's discharge. The court held that "[t]he alleged defamatory statements were directly related to the suspension and discharge of the plaintiff" and that the claim therefore arose out of the collective bargaining agreement, which contained detailed provisions relating to employee discharges. *Id.* at 11. The court then found the plaintiff's claim to be preempted by Section 301 and granted the defendant's motion for summary judgment. *Id.* at 12.

In the present case, as in *Suffel,* the collective bargaining agreement specifically and in detail addresses the discharge of employees. Furthermore,

---

removed to the United States District Court for the Southern District of Ohio, but that court later remanded the case *sua sponte* to the court of common pleas, finding that plaintiff was entitled to frame her cause of action solely in terms of state law.

[3] Section 301 (Section 185[a], Title 29, U.S. Code) provides as follows:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

the alleged defamation is merely a statement of the reason for plaintiff's discharge. We therefore determine that this claim also depends upon analysis of the collective bargaining agreement, and that it is preempted by Section 301.[4]

Finding that defendant is entitled to judgment as a matter of law and that there are no genuine issues of material fact, we conclude that summary judgment was properly granted in favor of defendant. The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KEEFE and HILDEBRANDT, JJ., concur.

---

[4] Plaintiff suggests at the end of her argument that the jurisdictional determination by the federal court (see fn. 2, *supra*) requires a conclusion that her state cause of action is viable and is not preempted by federal labor law. Assuming, *arguendo*, that plaintiff's contention is valid, our decision to affirm the judgment of the trial court would remain unchanged, for the following reason: "When employees asserting an arbitrable grievance have not attempted to utilize the dispute resolution machinery available to them under the [collective bargaining] agreement, their independent suit against the employer must be dismissed." *Mason v. Continental Group, Inc.* (C.A. 11, 1985), 763 F.2d 1219, 1222 (citing *Republic Steel Corp. v. Maddox* [1965], 379 U.S. 650), certiorari denied (1986), ___ U.S. ___, 88 L. Ed. 2d 902.